UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| ERIC T. RUCKER, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 22-CV-248-JPS |
| WAUKESHA COUNTY JAIL, SHERIFF ERIC J. SEVERSON, LT. SHALLOW, LT. STEFONEK, C.O. MUELLER, C.O. WALKOWSKI, C.O. SCARDINO, C.O. LANDESS, C.O. MILLER, NURSING STAFF MEMBERS, D. JOHNSON, MATTHEWS, and NEUMANN, | **ORDER** |
| Defendants. | |

1. **BACKGROUND & POSTURE**

On February 28, 2022, this case (originally Waukesha County Circuit Court Case No. 22-CV-171)[1] came to the Court by way of removal. ECF No. 1. The notice of removal provided that the case involved "claims under the United States Constitution" relating to Plaintiff Eric T. Rucker's ("Rucker") status as an inmate in the Waukesha County jail. *Id*. at 2. Rucker's complaint alleges that he suffered injuries following a fall down a metal staircase and that his requests for medical care thereafter went unanswered for the remainder of his custody. ECF No. 2-1 at 1–2. He attests that he had

---

[1]The initial state court case will hereafter be cited to as 22-CV-171. Although the Parties do not appear to have provided a docket sheet from that case to the Court, it is available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CV000171 &countyNo=67&index=0 (last visited Nov. 15, 2022).

informed C.O. Miller that Rucker was partially disabled due to nerve damage in his right leg, that this disability required the use of a prosthetic, and that he accordingly required housing in a lower-level cell and special footwear. *Id*. at 1. Rucker claims that these requirements were not fulfilled and that he was injured as a result. *See generally id*.

On March 7, 2022, Defendants C.O. Landess, C.O. Miller, C.O. Mueller, C.O. Scardino, Sheriff Eric J. Severson, Lt. Shallow, Lt. Stefonek, C.O. Walkowski, and Waukesha County Jail filed a motion to dismiss. ECF No. 5. Later that month, a notice of appearance was entered on behalf of the remaining identified Defendants—D. Johnson, Matthews, and Neumann. ECF No. 12.

In March 2022, Rucker filed additional documents in support of his case. On March 11, 2022, Rucker filed 93 pages of additional materials, including an "Amended Summons of Complaint." ECF No. 8. On March 14, 2022, Rucker filed a single page document attesting to the veracity of the allegations in his complaint. ECF No. 9. On March 16, 2022, Rucker filed a single-page document purporting to amend his complaint and citing a Wisconsin legislative provision relating to amended and supplemental pleadings. ECF No. 10. On March 22, 2022, Rucker filed an additional set of documents and exhibits, some of which he appears to have filed previously. ECF No. 11.

On April 4, 2022, Defendants C.O. Landess, C.O. Miller, C.O. Mueller, C.O. Scardino, Sheriff Eric J. Severson, Lt. Shallow, Lt. Stefonek, C.O. Walkowski, and Waukesha County Jail[2] filed a motion to dismiss

---

[2] For the sake of brevity, the Court may hereafter refer to this specific group of Defendants simply as "Defendants." However, the motions to dismiss were not

Plaintiff's amended summons of complaint. ECF No. 13. No responsive pleading has been filed as to Defendants D. Johnson, Matthews, and Neumann, either in the state court or here.

Over the course of the next several months, Rucker requested, and the Court granted, multiple extensions of time to reply and to seek legal counsel. ECF Nos. 15, 16, 17, 18, 19, 20, 21. On August 5, 2022, the Court granted a final extension of time to reply and ordered that Rucker's case would be dismissed if he failed to respond to Defendants' motions by August 19, 2022. ECF No. 21.

On August 18, 2022, Rucker filed a response to Defendants' motions. ECF No. 22. On August 23 and 29, 2022, Rucker filed additional responses. ECF Nos. 23, 24. On August 30, 2022, Defendants filed a reply. ECF No. 25. On October 7, 2022, Rucker filed an amended response to Defendants' motions. ECF No. 26 ("Updated Revised Version of the August 18, 2022 Motion"). On October 28, 2022, Defendants filed a further reply in response to Rucker's amended response. ECF No. 27. On November 16, 2022, Rucker filed a surreply. ECF No. 28. Because the surreply was unauthorized and appears to primarily reiterate factual assertions already before the Court, the Court will not consider it. *See Riley v. Waterman*, No. 20-cv-1252-pp, 2022 U.S. Dist. LEXIS 146048, at *66 (E.D. Wis. Aug. 16, 2022).[3]

## 2. DISCUSSION

The Court will utilize this Order to attempt to delineate the issues with this case and provide guidance moving forward, in keeping with the

---

brought on behalf of Defendants D. Johnson, Matthews, and Neumann, who are represented by different counsel than the moving defendants are.

[3] Plaintiff is not alone in filing extra responses, although he has done so several more times than Defendants. *See* ECF Nos. 23, 24, 26, 27, 28.

teachings of Federal Rule of Civil Procedure 1, which provides, in relevant part, that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### 2.1 The Operative Complaint

Rucker's filings reference an amended complaint among other documents. ECF No. 8 at 3; ECF No. 10. The purported amended complaint, made following removal, appears to be unsigned, contrary to the requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."). Furthermore, as the document was contained within a 93-page filing, it was unclear whether Plaintiff intended that to constitute the operative complaint.

Rucker filed the above purported amended complaint with neither leave of Court nor consent of Defendants. The time for Rucker to file his amended complaint "as a matter of course" expired "21 days after serving [the complaint]" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15. The pleading—a complaint—is one to which a responsive pleading is required.

Rucker originally filed his complaint in Waukesha County Circuit Court on February 4, 2022. The docket in Case No. 22-CV-171 reflects certificates of service of the complaint on February 14 and 15, 2022. But the critical date for the Court's purposes is the date of filing of the responsive pleading—Defendants' initial motion to dismiss—which was March 7, 2022. ECF No. 5. Rucker's purported Amended Complaint was filed on

Page 4 of 17
Case 2:22-cv-00248-JPS   Filed 11/21/22   Page 4 of 17   Document 29

March 11, 2022. ECF No. 8. That filing is well within "21 days after service of a responsive pleading" pursuant to Federal Rule of Civil Procedure 15. Accordingly, Rucker properly filed his purported amended complaint as a matter of course, making it the operative complaint. *See* ECF No. 8.

Rucker made an additional filing on March 16, 2022, which appears to provide additional factual allegations and references Wis. Stat. § 802.09. If this was intended to be a second amended complaint, it needed to have been filed with either leave of Court or consent of Defendants, since Rucker had already amended his complaint once as a matter of course. *See* Fed. R. Civ. P. 15 (noting that amendments following an amendment made as a matter of course require the opposing party's written consent or the court's leave).

Because it does not relate to the operative complaint, the Court will deny as moot Defendants' original motion to dismiss, ECF No. 5. The Court now turns to Defendants' motion to dismiss the amended complaint, ECF No. 13.

### 2.2 Defendants' Motion to Dismiss Amended Complaint

#### 2.2.1 Deficiencies as to Form of Complaint

Defendants' motion to dismiss, *see* ECF Nos. 13, 14, asserts that Rucker's amended complaint suffers from procedural deficiencies. Defendants seek dismissal of the action based on, *inter alia*, missing formalities in Rucker's amended complaint—namely that it is not signed by Rucker, and does not bear Rucker's address, e-mail, and phone number—pursuant to Wis. Stat. §802.05(1). ECF No. 14 at 8. Defendants write that these components are required by the "Wisconsin Statutes." *Id.*

"After removal of an action to federal court, state procedural rules will continue to govern with respect to any issues that arose prior to

removal." 14 MOORE'S FEDERAL PRACTICE – CIVIL § 81.04. In such circumstances, state law controls procedural issues such as "the form, sufficiency, filing, and service of pleadings" filed prior to removal. *Id.* Wisconsin law mandates that the complaint be signed by the unrepresented party, and that it bear the pro se litigant's address. Wis. Stat. § 802.05(1)(a). But this pleading was filed post-removal, and so it is the federal rules, not Wisconsin law, that governs. Moreover, even if Wisconsin law did govern the amended complaint, Wis. Stat. § 802.05 does not appear to require any further identifying information from an unrepresented plaintiff—the provision cited by Defendants does not mention a requirement for providing an email address. If this item is required of pro se litigants by some other provision or piece of state law, the Court has not been made aware thereof. In any event, Wis. Stat. § 802.05 is inapplicable to the amended complaint filed after removal.

Federal Rule of Civil Procedure 11 does require that Rucker's amended complaint be signed. Furthermore, the Local Civil Rules require that pro se litigants' pleadings include an address and telephone number at which he can be contacted. Civ. L.R. 5(a)(3). Rucker's amended complaint appears to lack these items. But because these deficiencies are easily remediable by amendment, the Court will decline to grant Defendants' motion to dismiss, ECF No. 13, on this basis. Instead, the Court will instruct Rucker to file a second amended complaint that includes his mailing address and signature by no later than **December 16, 2022**.

### 2.2.2 Fed. R. Civ. P. 12(b)(5)

Defendants additionally seek dismissal of the action based on Federal Rule of Civil Procedure 12(b)(5)—specifically, because Plaintiff has "failed to effectuate proper service." ECF No. 14 at 8. Defendants write that

Page 6 of 17
Case 2:22-cv-00248-JPS   Filed 11/21/22   Page 6 of 17   Document 29

"Plaintiff has not strictly complied with the service of process requirements outlined in Wis. Stat. §801.11." *Id*.

"The Federal Rules of Civil Procedure govern all procedural issues after removal, including service of process on unserved or improperly served defendants . . . However, the sufficiency of service of process prior to removal is determined by state law." 1 MOORE'S ANSWER GUIDE: FED. CIVIL MOTION PRACTICE § 4.30 (internal citations omitted). *Carden v. Wal-Mart Stores, Inc.*, 574 F. Supp. 2d 582, 587 (S.D.W.V. 2008) ("[S]tate law governing service of process . . . applies before removal, and [] federal law applies after removal."). Wis. Stat. § 801.11 states that service of a summons upon a natural person should be done "[b]y personally serving the summons upon the defendant either within or without this state" or, if that is not reasonably possible, "by leaving a copy of the summons at the defendant's usual place of abode."

Defendants allege that "none of the defendants have been served with the summons" and that "Walkowski and Landers [sic]" were served with neither a summons nor a copy of the complaint. ECF No. 14 at 9. Indeed, the Waukesha County docket sheet lists "Certificate of non-service" for Defendants Landess and Walkowski. 22-CV-171; *see also* ECF No. 11 at 28 (proof of attempted service on Landess) and at 32 (proof of attempted service on Walkowski). For the remaining Defendants, however, the Waukesha County docket sheet reflects "[s]ervice made of Authenticated Summons and Complaint." *Id*. It is therefore unclear to the Court why Defendants claim that none of the Defendants have been served with the summons. As far as the Court can discern, service was made of the authenticated summons and complaint on all Defendants except Walkowski and Landess. There is nothing before the Court, apart from

Defendants' unsupported assertion, to suggest otherwise. "If the defendant challenges service, the plaintiff bears the initial burden of proving that service of process was properly made. But a filed proof of service satisfies that initial burden, and a mere allegation by defendant that process was not served, without some additional evidence, is insufficient to refute the validity of an affidavit of service." 1 MOORE'S FEDERAL PRACTICE – CIVIL § 4.100. Accordingly, if Defendants had anything with which to support their assertion as to improper service, they ought to have put it before the Court in the first instance. They have not done so, and they have therefore forfeited the argument to the extent they might intend to raise it again in the future. *See Lee v. Chi. Youth Ctrs.*, No. 12 C 9245, 2014 U.S. Dist. LEXIS 136949, at *5 (N.D. Ill. Sep. 29, 2014).

Accordingly, there only appears to be a potential issue with service as to Defendants Landess and Walkowski, for whom "[a]ttempted service" was made. *Id*. But that is not the end of the story, because "nothing in 28 U.S.C. § 1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court." *Sheffer v. Cottrell, Inc.*, No. 08-0791-DRH, 2009 U.S. Dist. LEXIS 37641, at *7 (S.D. Ill. Apr. 30, 2009) (internal citation omitted). In other words, service can properly occur after removal. And because the case has been removed, the Federal Rules of Civil Procedure are now applicable to serving these two improperly served or non-served Defendants.

The Federal Rules allow service by various methods. *See* Fed. R. Civ. P. 4(e). In addition to allowing service according to the law of the state in which the federal court sits (i.e., in compliance with Wis. Stat. § 801.11), Rule 4(e) allows delivery of "a copy of the summons and of the complaint to the individual personally;" "leaving a copy of each at the individual's

Page 8 of 17
Case 2:22-cv-00248-JPS   Filed 11/21/22   Page 8 of 17   Document 29

dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

The Court will decline to grant Defendants' motion on the basis of improper service of process. The Court will, however, order Rucker to effectuate proper service of process of the authenticated summons and second amended complaint on Defendants Landess and Walkowski pursuant to Federal Rule of Civil Procedure 4 as noted above, and file proof of service with this Court, by no later than **December 30, 2022**.[4] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*.") (emphasis added).

### 2.2.3 Fed. R. Civ. P. 12(b)(6)

In support of their motion to dismiss, ECF No. 13, Defendants further rely on Federal Rule of Civil Procedure 12(b)(6). First, Defendants write that Rucker fails to state a claim against Sheriff Severson because "Plaintiff's Complaint contains no allegations of any involvement or wrongdoing by Sheriff Severson . . . ." ECF No. 14 at 5.

Indeed, Rucker's amended complaint fails to allege any involvement in, or knowledge of, the alleged deprivation of Rucker's rights by Severson. Sheriff Severson cannot be found liable merely by virtue of his status as a

---

[4]Rucker may either come to the Clerk's Office in person to request issuance of stamped summons forms, or he may file a request for stamped summons forms. Once he receives these stamped summons forms from the Clerk's Office, he must serve them along with his second amended complaint on Defendants Walkowski and Landess. Rucker must then file proof of this service on the docket, which may be in the form of receipts for payment of service.

supervisor of the other Defendants at issue. "[A] defendant must have been 'personally responsible' for the deprivation of the right at the root of a § 1983 claim for that claim to succeed." *Backes v. Village of Peoria Heights*, 662 F.3d 866, 869 (7th Cir. 2011). A defendant need not, however, participate directly in the deprivation for liability to follow—a supervisor may still be personally liable for the acts of his subordinates if he approves of the conduct and the basis for it. *Id.* at 869–70 (internal citations omitted). Rucker has alleged neither that Sheriff Severson participated in the events leading to Rucker's injuries, nor that Severson approved of those events. Without that information, Rucker's action cannot proceed against Sheriff Severson.[5]

Defendants further claim that the amended complaint fails to state a claim against Defendants Lt. Shallow, Lt. Stefonek, C.O. Mueller, C.O. Walkowski, C.O. Scardino, C.O. Landess, and C.O. Miller. ECF No. 14 at 6. Defendants write that the amended complaint fails both to "state a violation of any specific right" and "fails to claim any wrongdoing by any of these officers," including C.O. Miller. *Id*.

First, as to Defendant Miller: Rucker alleges that he "informed defendant C.O. Miller" that he was disabled and required the use of a "lower bunk and inmate housing in a lower cells [sic]" and "personal shoes for support." ECF No. 8 at 1. Rucker alleges that C.O. Miller informed Rucker that "he'd contact the Medical unit for authorization and clearance"

---

[5]Rucker's response to Defendants' motion, ECF No. 22, states that "Severson in official capacity as superintendent of the Waukesha county jail failed to maintain safety of" himself as a partially disabled prisoner and that he should be "guaranteed a wellness check safety and safe keeping while in custody . . . ." He alludes to omissions on the part of Sheriff Severson which contributed to his injuries. Rucker should provide these and other relevant facts in his second amended complaint if he wishes to proceed with claims against Sheriff Severson.

Page 10 of 17
Case 2:22-cv-00248-JPS    Filed 11/21/22    Page 10 of 17    Document 29

but that Rucker never received the accommodations requested. *Id*. What is missing is an allegation that C.O. Miller failed to actually contact the Medical unit as he told Rucker he would. As it exists now, the amended complaint does not indicate that C.O. Miller committed any wrongdoing.

The same can be said as to Defendants Shallow, Stefonek, Mueller, Walkowski, Scardino, and Landess. At present, the amended complaint merely alleges that Defendant Johnson "was doing medication prescription rounds" at the time that Rucker fell down the stairs. *Id*. It states that the incident was "witnessed by both defendants C.O. J.G. Meller and nurse Johnson . . . ." *Id*. at 2. It alleges further that Lt. Shallow and Lt. Stefonek were "included" in addressing the incident. *Id.* Allegations that Defendants were witnesses to this incident and were included in addressing it are insufficient to state a claim. The amended complaint does not allege any wrongdoing as to these Defendants.

Rucker writes further that he complained of pain and complications following the incident and "submitted daily forms requesting to be sent to visit the hospital" but that his requests went unanswered. *Id*. He does not say, however, to whom these forms were submitted and who ignored his requests. In other words, he does not expressly attribute this alleged wrongdoing to any of the Defendants.

Although Rucker's amended complaint fails to state claims against Defendants Severson, Shallow, Stefonek, Mueller, Walkowski, Scardino, Landess, and Miller, the Court will grant Rucker leave to amend. *See Gavin v. Chic. Hous. Auth.*, No. 93-3252, 1995 U.S. App. LEXIS 9984, at *5–6 (7th Cir. May 1, 1995) ("'[O]rdinarily, a court should permit a litigant, especially a *pro se* litigant, an opportunity to amend his complaint before dismissing it for failure to state a claim.'") (internal citation omitted). This will give

Rucker an opportunity to plead the necessary facts, should those facts exist, to raise claims against the Defendants listed above. Rucker should also note that although the motion to dismiss herein discussed does not address the claims against Defendants Johnson, Matthews, and Neumann, the takeaway from this Order as to those Defendants is the same—Rucker cannot maintain his action against those Defendants without specific factual allegations that those Defendants committed wrongdoings. He may wish to keep this in mind in amending his pleading.

Defendants further allege that Rucker fails to state a claim against the Waukesha County Jail. ECF No. 14 at 4. Defendants write that Waukesha County jail is not a "suitable entit[y]" for suit. *Id*. Furthermore, Defendants write that "[i]f the Court were to construe Plaintiff's claim as being against Waukesha County, Plaintiff still cannot succeed" as Plaintiff fails to allege that a municipal policy caused the alleged injury. *Id*.

Section 1983 allows "a plaintiff to sue any 'person' who violates his civil rights under color of state law." *Derrick v. Schnabl*, No. 16,cv-1355-pp, 2017 U.S. Dist. LEXIS 121486, at *4 (E.D. Wis. Aug. 2, 2017). "The Waukesha County Jail is not a proper defendant, because the jail is not a person that may be sued under § 1983." *Id*. (internal citations omitted). Accordingly, Rucker cannot maintain his civil rights action against Waukesha County Jail as a matter of law. This deficiency cannot be addressed by the allegation of additional facts in an amended complaint, and so granting Rucker leave to amend his pleading to address this issue would be futile. *See Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860–61 (7th Cir. 2001) ("Although leave to amend a complaint should be freely granted when justice so requires, . . . the district court need not allow an amendment . . . when the amendment would be futile."). The Court will accordingly grant

Defendants' motion to dismiss to the extent that it seeks dismissal of any claims against Waukesha County Jail.

If Rucker intends to sue Waukesha County, as opposed to Waukesha County Jail, Rucker's second amended complaint would need to allege that his injuries resulted from a "custom or policy" of Waukesha County. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Wade v. Milwaukee County*, Case No. 22-CV-743-pp, 2022 U.S. Dist. LEXIS 189722, at *9 ("For a municipality to be liable for a plaintiff's constitutional violation, the plaintiff must allege that the violation was a result of a municipal policy or custom . . . This includes 'governmental customs' that result in constitutional violations even though the 'custom has not received formal approval through the body's official decision-making channels.'") (internal citations omitted). At present, Rucker's amended complaint does not expressly make any such allegation. If Rucker intends to assert claims against Waukesha County, he should keep these standards in mind when amending his pleadings.

### 2.3 Failure of Defendants Johnson, Matthews, and Neumann to Answer or Otherwise Respond

Service of process appears to have been effectuated as to Defendants Johnson, Neumann, and Matthews on February 14, 2022 in the state court case prior to removal. *See* 22-CV-171. A notice of appearance was entered on their behalf in this action on March 30, 2022, ECF No. 12, but no further filings as to these defendants have been received. Defendants Johnson, Neumann, and Matthews failed to answer or otherwise respond within the time allowed by the Federal Rules of Civil Procedure.[6] Pursuant to Rule 55,

---

[6] "[W]hen the defendant did not file an answer before removal, the defendant must answer or present other defenses or objections available under the

this is grounds for entry of default. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

**3.      CONCLUSION**

Pursuant to the above discussion, the Court will order the following. First, the Court will grant Rucker leave to file a second amended complaint to address the deficiencies described in this Order. *See* sections 2.2.1–2.2.3, *supra*. Rucker is advised that the second amended complaint must bear his mailing address, signature, the docket number assigned to this case, and the filing should be labeled "Second Amended Complaint." The second amended complaint supersedes the prior amended complaint and must be complete in itself without reference to the original complaint or the amended complaint. In other words, it must contain all relevant factual allegations within the **same document**—it is not enough for the factual allegations to appear in a separate filing. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998); Civ. L.R. 12 ("Any amendment to a pleading . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the second amended complaint is received, it will become the operative complaint in this action. If no

---

Rules within the latest of the following:" 21 days after receiving—through service or otherwise, a copy of the initial pleading stating the claim for relief; 21 days after being served with the summons for an initial pleading on file at the time of service; or seven days after the notice of removal is filed. 14 MOORE'S FEDERAL PRACTICE—CIVIL § 81.04.

second amended complaint is received, the Court will dismiss the action for failure to prosecute.

Rucker should not list Waukesha County Jail as a defendant in his second amended complaint, as doing so would be futile. If Rucker intends to sue Waukesha County in place of Waukesha County Jail, he may list Waukesha County as a defendant in his second amended complaint, bearing in mind that he must plead that his injuries are attributable to a custom or policy of Waukesha County. *See Palmer,* 327 F.3d at 594. Should Rucker choose to list Waukesha County as a defendant in his second amended complaint, he will need to serve a summons and the second amended complaint on that party and file proof of service thereof by December 30, 2022.

Rucker must further bear in mind that any additional amendments to his pleadings will require leave of Court—in other words, should Rucker wish to amend his complaint again after already having done so pursuant to this Order, he will need to file a motion with the Court requesting permission to do so (or seek Defendants' written consent to amend). Rucker cannot hereafter unilaterally file an amended complaint after his second amended complaint without either the consent of Defendants or of the Court.

Second, the Court will deny as moot Defendants' motion to dismiss Plaintiff's complaint, ECF No. 5, and will grant in part and deny in part Defendants' motion to dismiss the amended complaint, ECF No. 13. Should Defendants seek to file a motion to dismiss (or other dispositive motion) as to Rucker's second amended complaint, the parties must meet and confer to address the work necessary for the orderly procession of this case *in advance of* the filing. Indeed, when the Court grants a motion to dismiss, it

typically grants leave to amend; therefore, it is in everyone's interest to discuss the matter prior to the submission of a formal motion to dismiss. The parties may meet and confer in a format they jointly deem appropriate—whether that be by phone, Zoom, or in person.

Third, if following the submission of Rucker's second amended complaint pursuant to this Order, Defendants Johnson, Matthews, and Neumann again fail to answer or otherwise respond within the time allotted by the Federal Rules, the Court will direct Rucker to move for entry of default against those Defendants. *See* Fed. R. Civ. P. 55.

Finally, the Court will order Rucker to effectuate proper service of process of an authenticated summons and the second amended complaint on Defendants Landess and Walkowski by December 30, 2022. The proof of attempted service on Walkowski states that there was "[n]o one here with that name," ECF No. 11 at 32, so Rucker may wish to confirm the name of the Defendant he intends to sue and amend his pleadings accordingly.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's complaint, ECF No. 5, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiff's amended complaint, ECF No. 13, be and the same is hereby **GRANTED in part and DENIED in part** as stated in this Order;

**IT IS FURTHER ORDERED** that Defendant Waukesha County Jail be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that, should he wish to continue this lawsuit, Plaintiff shall file a signed, second amended complaint pursuant to this Order by **December 16, 2022**. Failure to do so may result in dismissal of the action without prejudice for failure to prosecute;

**IT IS FURTHER ORDERED** that Plaintiff shall effectuate proper service of process of the authenticated summons and second amended complaint as to Defendants Landess and Walkowski, pursuant to Federal Rule of Civil Procedure 4, and shall provide proof of service to this Court by filing certificates of service thereof by **December 30, 2022;** and

**IT IS FURTHER ORDERED** that the parties shall meet and confer prior to the filing of any additional motion to dismiss or other dispositive motion.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge